IRVING, J.,
for the Court.
¶ 1. Fred Bailey appeals pro se, from an order of the Circuit Court of Lee County, Mississippi which dismissed his post-conviction relief (PCR) motion. In this appeal, Bailey asserts (1) that he was denied effective assistance of counsel in the post-conviction trial proceedings, (2) that his transfer from the intensive supervision program (ISP) violated the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment, and (3) that his attorney failed to perfect an appeal. We find no merit in these issues and affirm the trial court’s dismissal of Bailey’s PCR motion.
FACTS
¶ 2. On August 4, 1999, Bailey pleaded guilty to possession of cocaine with intent to sell. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with ten years suspended upon the condition that Bailey not commit any offense against the laws of this state or any other state or the United States. The sentencing order provided that Bailey would be placed in the ISP and that the sentence was conditioned upon Bailey agreeing and complying with all conditions outlined in the ISP agreement. The order further provided that the trial court would retain jurisdiction for one year and reserved the option of placing Bailey on supervised probation for the remainder of his sentence following Bailey’s successful completion of the ISP.
¶ 3. On November 24, 1999, Bailey was arrested and transferred from the ISP to the general inmate population. Subsequently, Bailey filed his PCR motion alleging that his conviction and sentence were imposed in violation of the Constitution of the United States and the Constitution and laws of the State of Mississippi, that the statute under which the conviction and sentence were obtained is unconstitutional, that his transfer from the ISP violated the Due Process • Clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment, and that the twenty-year sentence after four months in the ISP constitutes cruel and unusual punishment.
¶ 4. The trial court dismissed the motion for post-conviction relief on the ground that the sentence, falling within statutory guidelines, passes constitutional muster and lack of jurisdiction on the part of the trial court because removal from ISP is an executive decision requiring exhaustion of administrative remedies before jurisdiction would be conferred upon the circuit court. Additional facts as appropriate will be stated during the discussion of the issues.
ANALYSIS AND DISCUSSION OF ISSUES

1. Ineffective Assistance of Counsel and Denial of Due Process

¶ 5. The issues of ineffective assistance of counsel and violation of due *989 process are interrelated; therefore, we address them together. First, Bailey contends that the revocation of his house arrest violated his constitutional rights because he was brought before the court for a revocation hearing without counsel, was not asked whether he wished to have counsel appointed for him and no one inquired why he lacked counsel. Next, as already mentioned in the earlier portion of this opinion, Bailey claims that he received ineffective assistance of counsel. What constitutes this ineffectiveness is not made clear in his brief. It appears that Bailey is claiming that the attorney who represented him on his PCR motion in the trial court was ineffective because counsel filed what Bailey calls a frivolous motion, “knowing that he would not prevail or should have known he would not succeed.” In his appellate brief, Bailey asserts that the claims made in the motion by his PCR counsel were “groundless in fact or in law.”
¶ 6. Bailey cites no authority for the proposition that he was entitled to counsel at the revocation hearing wherein his participation in the intensive supervision program was terminated. As stated, this was an entirely administrative matter before the MDOC. At such a disciplinary hearing, a prisoner is not constitutionally entitled to state-appointed counsel. Edwards v. Booker, 796 So.2d 991 (¶ 14) (Miss.2001). Further, the MDOC’s regulations do not specifically grant nor deny a right to representation. Id. at (¶ 17). Nevertheless, Bailey makes no claim that he had retained counsel who was not allowed to participate in the proceedings on his behalf.

2. Counsel’s Failure to Perfect an Appeal

¶ 7. Bailey complains about his PCR counsel’s withdrawal from further representation of him in the post-conviction proceedings. Apparently due to a fee dispute, PCR counsel refused to render further services to Bailey. Bailey asks us to declare that counsel’s actions violated his rights since counsel had not been granted leave to withdraw. We decline to do so. Whether counsel may have breached any agreement that Bailey may have had with him is not before us. Our task is limited to determining whether Bailey’s constitutional due process rights were violated when his participation in the ISP was terminated without his having the assistance of counsel. We have already answered this question in the negative. Consequently, we affirm the decision of the trial judge in all particulars.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING APPELLANT’S MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.